UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAURA SMITH,

       Plaintiff,

vs.                                                  CASE NO.:

CITY OF GRETNA,

       Defendant.

_____/

## DEFENDANT CITY OF GRETNA'S NOTICE OF REMOVAL

To:    The Judges of the United States District Court

        Northern District of Florida

        Defendant, CITY OF GRETNA, hereby gives notice of the removal to this court of the case styled, *Laura Smith v. City of Gretna*, filed in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, Case No.: 08-941-CAA. As grounds for this removal, the Defendant states the following:

        1.      On or about July 2, 2008, an action was commenced by the filing of a complaint in the Second Judicial Circuit in and for Gadsden County, Florida, entitled, *Laura Smith v. City of Gretna*, Case No.: 08-941-CAA.

        2.      Defendant, City of Gretna, was served with a copy of the complaint in the state court action on or about August 20, 2008.

        3.      The above described action is a civil action of which this court has original jurisdiction under the provisions of 28 U.S.C. Section 1331, and is one which may be removed to this court by the Defendant, *City of Gretna*, pursuant to the provisions of 28 U.S.C. Section 1441.

4. In this Complaint, plaintiff alleges that defendant is liable under, 42 U.S.C. § 2000(e), *et. seq.,* 42 U.S.C. § 1981(a), for gender discrimination and retaliation. This action, therefore, may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441(b), as amended in November 19, 1988. *See also Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, L.Ed.2d 834 (1990), *Spencer v. South Florida Water Management District*, 657 F.Supp. 66 (S.D. Fla. 1986).

5. The existence of federal question is governed by the well-pleaded complaint rule, which requires the federal question to be presented on the face of the plaintiff's properly pleaded complaint. *Quitto v. Bay Colony Golf Club, Inc.*, 2006 U.S. Dist. LEXIS 64613, * 3-4 (M.D. Fla. 2006). Here, Plaintiff's Complaint unquestionably establishes federal question jurisdiction on its face by invoking 42 U.S.C. § 2000e *et seq.* Thus, removal here is proper on the ground that this Court would have had original jurisdiction over this action in that it is a civil action founded on a claim or right arising under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1441(a); *See also Quitto*, 2006 U.S. Dist. LEXIS 64613, * 3-4.

6. This Defendant attaches hereto as Composite Exhibit "A," all process, pleadings, orders, and other papers and exhibits served upon the Defendant in this action. 28 U.S.C. § 1446(a); Local Rule 7.2, Rules of the United States District Court for the Northern District of Florida. These papers include civil cover sheet, summons and complaint.

7. Venue properly rests in the Tallahassee Division of the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. Section 1441(a) and Local Rule 3.1, Rules of the United States District of Florida, since this action is being removed from the state court wherein it was originally filed in the Circuit Court of the 2nd Judicial Circuit in and for Gadsden County, Florida.

8.  The Defendant will file with the Clerk of the Court for the Second Judicial Circuit, in and for Gadsden County, Florida a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d), and will give written notice thereof to all adverse parties. A copy of said Notice is attached hereto as Exhibit "B."

9.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed and without waiver by Defendant. Specifically, this Notice of Removal has been filed within thirty (30) days after the complaint was served on August 20, 2008.

WHEREFORE, Defendant, *City of Gretna*, respectfully request this Court to assume jurisdiction of the above-described action now pending in the Second Judicial Circuit in and for Gadsden County, Florida, pursuant to 28 U.S.C. Sections 1331 and 1441.

Respectfully submitted,

s/ LEONARD J. DIETZEN
LEONARD J. DIETZEN, III
Florida Bar No. 0840912
RUMBERGER, KIRK & CALDWELL
A Professional Association
215 South Monroe Street, Suite 130
Post Office Box 10507
Tallahassee, Florida 32302-2507
Telephone: (850) 222-6550
Telecopier: (850) 222-8783
E-Mail: ldietzen@rumberger.com

Attorney for Defendant

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 21st day August, 2008 a copy of the foregoing has been furnished to Marie A. Mattox, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303.

<div style="margin-left:50%;">

s/ LEONARD J. DIETZEN, III
_____
LEONARD J. DIETZEN, III
Florida Bar No. 0057282
RUMBERGER, KIRK & CALDWELL
A Professional Association
215 South Monroe Street, Suite 130
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-Mail:  ldietzen@rumberger.com


Attorneys for Defendant

</div>

133881

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

LAURA SMITH,

    Plaintiff,

Case No. 08-____941 CAA____

vs.

CITY OF GRETNA,

    Defendant.

# Summons

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**CITY OF GRETNA**
c/o Nadine Smith, Mayor
14615 Main Street
Gretna, FL

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _July 9_, 2008.

CLERK OF THE CIRCUIT COURT

By: _Cynthia Daniels_
    Deputy Clerk



EXHIBIT A

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR GADSDEN COUNTY, FLORIDA

LAURA SMITH,

    Plaintiff,

CASE NO. 08-941 CAA

FLA BAR NO. 0739685

vs.

CITY OF GRETNA,

    Defendant.

_____/

## COMPLAINT

Plaintiff, LAURA SMITH, hereby sues Defendant, CITY OF GRETNA, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, LAURA SMITH has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her gender, female and the fact that she reported discrimination adversely affecting her and she was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, CITY OF GRETNA, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that she filed

a charge of discrimination with the Florida Commission on Human Relations and properly removed her charge therefrom, after the expiration of 180 days, as authorized under §760.11, Florida Statutes. This action is timely brought thereafter. She also filed an administrative charge of discrimination with the EEOC and has appended her Notice of Right to Sue hereto which authorizes the filing of this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was originally employed with Defendant on March 26, 2007. She was terminated on June 29, 2007 after she rejected advances from her supervisor, Miles Poole.

7. During Plaintiff's employment with Defendant, Plaintiff was the victim of sex/gender discrimination by her male supervisor who took action against Plaintiff because of her gender. After Plaintiff rejected the actions of her supervisor, Miles Poole and complained about him to upper level supervisors within Defendant, Defendant retaliated by terminating her on contrived charges.

8. Because of these events, Plaintiff filed a charge of employment discrimination against Defendant. Since that time, Defendant has been threatening Plaintiff and other incidents of retaliation have occurred. The retaliation is ongoing.

9. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under 42 U.S.C. §2000e et seq..

## COUNT I

### GENDER DISCRIMINATION

10. Paragraphs 1-9 are realleged and incorporated herein by reference.

11. This is an action against Defendant for gender discrimination.

2

12. Defendant has taken action and allowed action to be taken against Plaintiff because she is female. During Plaintiff's employment with Defendant, she has was the victim of sexual harassment and disparate treatment with no action taken by Defendant to prevent or otherwise correct a known problem. Then after notice of sexual harassment and other forms of discrimination described more fully herein, Defendant delayed in taking action and caused additional harassment and harm to Plaintiff including without limitation her termination.

13. Defendant knew or should have known of the sex/gender based discrimination perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. The events set forth herein lead, at least in part, to Plaintiff's termination.

14. Defendant knowingly condoned and ratified the discrimination set forth above.

15. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

16. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the state and federal laws applicable to this action.

17. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

## COUNT II

## RETALIATION

18. Paragraphs 1-9 are hereby realleged and reincorporated as if set forth in full herein.

19. Defendant is an employer as that term is used under the applicable statutes referenced above.

20. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991.

21. The foregoing unlawful actions by Defendant were purposeful.

22. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above. The events set forth herein lead, at least in part, to Plaintiff's termination.

23. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

24. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

    (a) that process issue and this Court take jurisdiction over this case;

4

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this ___ day of July, 2008.

MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

_____
Marie A. Mattox
ATTORNEYS FOR PLAINTIFF

5

EEOC Form 161 (2/08)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Laura Smith<br>25 Keith Court<br>Gretna, FL 32332 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15D-2007-00732 | Ozzie L. Black,<br>Deputy Director | (305) 808-1827 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Federico Costales,
District Director

APR 0 1 2008
(Date Mailed)

Enclosures(s)

cc: CITY OF GRETNA, FLORIDA POLICE DEPT
Leonard Dietzen, Esq
215 S Monroe Street
Suite 130
Tallahassee, FL 32301

Marie Mattox, Esq
310 E Bradford Road
Tallahassee, FL 32303

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR GADSDEN COUNTY, FLORIDA

LAURA SMITH,

    Plaintiff,

vs.                                              Case No. 08-941-CAA

CITY OF GRETNA,

    Defendant.
_____/

## DEFENDANT, CITY OF GRETNA
## NOTICE OF FILING NOTICE OF REMOVAL

YOU ARE HEREBY NOTIFIED that the attached copy of the Notice of Removal to the United States District Court for the Northern District of Florida was filed with the Clerk of said District Court at Tallahassee, Florida, on or about the 21st day of August, 2008. Pursuant to 28 U.S.C. Section 1446(d), this Court shall proceed no further in this cause unless and until this action is remanded to state court. Absent the entry of a remand order by the District Court, this Court is divested of jurisdiction in this cause and is thereby requested to stay all further proceedings.

YOU ARE FURTHER HEREBY NOTIFIED that this Notice of Filing Notice of Removal incorporates by reference all requirements of 28 U.S.C. Section 1446.

Dated this 21st day of August, 2008.



EXHIBIT B

_____
LEONARD J. DIETZEN, III
Florida Bar No. 0840912
RUMBERGER, KIRK & CALDWELL, P.A.
P.O. Box 10507
Tallahassee, Florida 32302-2507
(850) 222-6550
(850) 222-8783 (fax)

Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to Marie A. Mattox, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, FL 32303, this 21st day of August, 2008.

_____
Attorney for Defendant

133880